1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES SPEER and CARLA HUDSON, individually and on behalf of a Class of similarly situated individuals,<br><br>          Plaintiffs,<br><br>     v.<br><br>AMAZON.COM, INC., and A2Z DEVELOPMENT CENTER, INC.,<br><br>          Defendants. | NO.<br><br>COMPLAINT – CLASS ACTION DEMAND FOR JURY TRIAL |

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - i

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

Plaintiffs James Speer and Carla Hudson, for their Class Action Complaint against Defendants Amazon.com, Inc. and a2z Development Center, Inc., d/b/a Amazon Lab126 (collectively referred to herein as "Amazon"), state and allege:

## I.      INTRODUCTION

1.      There has been a proliferation in the development and sale of voice-activated personal assistant devices used in households and other buildings.  This action is about Amazon's unlawful recording, permanent storage, analysis, and use of the voices and conversations of individuals communicating with or otherwise heard by Amazon's Alexa recording devices.

## II.      PARTIES

2.      Plaintiff James Speer is a natural person and citizen of the State of New Mexico.

3.      Plaintiff Carla Hudson is a natural person and a citizen of the State of Iowa.

4.      Defendant Amazon.com, Inc. is a Delaware corporation with its headquarters and principal place of business at 410 Terry Avenue North, Seattle, Washington.

5.      Defendant a2z Development Center, Inc., d/b/a Amazon Lab126, is a Delaware corporation with its headquarters and principal place of business located at 1120 Enterprise Way, Sunnyvale, California.  Amazon Lab126 is a subsidiary of Amazon.com, Inc. employing persons working on Alexa-enabled devices and software.

## III.      JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction over this dispute under 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and because at least one member of each class is a citizen of a different state than at least one Defendant.

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 1

7.    This Court has personal jurisdiction over Defendants because a substantial part of the, harm, events, and conduct giving rise to Plaintiffs' claims occurred in Washington, and Defendant Amazon.com, Inc. is headquartered in Washington.

8.    Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant Amazon.com, Inc. is headquartered in this District, because a substantial part of the events and conduct giving rise to Plaintiffs' claims took place in this District, and because Amazon's terms and conditions require that claims be brought in this court and that Washington law be applied.

## IV.    FACTS

### A.    Amazon and Alexa Devices

9.    From its beginnings as an online bookseller, Amazon has grown to be perhaps the most powerful company on the planet.  It holds the #2 position on the Fortune 100 rankings[1], and is estimated to control more than half of all ecommerce in the United States[2].  Amazon's cloud infrastructure arm, Amazon Web Services, is said to account for 41.5% of the public cloud computing (web hosting) market, larger than Microsoft, Google, Rackspace and IBM combined.

10.    In 2010, Amazon started to develop the Echo smart speaker and later launched the "Alexa" voice assistant in 2014.  The Alexa Voice Service (AVS) is Amazon's intelligent voice recognition and natural language understanding service that allows persons to voice-enable any connected device that has a microphone and speaker.  The device consists of a speaker, microphones, a computer, internet connectivity, and the Alexa program.

---

[1] https://fortune.com/company/amazon-com/fortune500/
[2] https://www.pymnts.com/news/retail/2021/amazon-walmart-nearly-tied-in-full-year-share-of-retail-sales/

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 2

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

11.     Since 2014, Amazon has launched additional Echo products, such as the Echo Dot, Echo Plus, Echo Sub, Echo Show, and Echo Input.  It also added the Alexa program to other Amazon products such as the Amazon Fire TV digital media player.  In May 2017, Amazon introduced the first video-enabled Echo Device—the Echo Show—which features a display screen and a camera that can be used for making video calls.

12.     Amazon reported that as of January 2019, over 100 Million devices had been sold with Alexa pre-installed.  Amazon also makes Alexa available for use on third-party manufactured products in its effort to expand the reach of Alexa as far as possible and ultimately to collect and store as much data on individuals as possible for its commercial purposes. Plaintiffs refer to all of the devices that run Alexa voice-enabled software as "Alexa Devices."[3]

13.     While most people purchase Alexa Devices to use in households, many commercial establishments – e.g., offices, stores – also have Alexa Devices that record the voices and communications of those in these buildings.

**B.      How Alexa Works**

14.     Alexa Devices are designed to respond to commands from human voices. All Echo devices are voice-activated and are constantly listening in the owner's home for a "wake word" which is set by default to "Alexa."  If someone says the wake word, the device starts recording the user's voice and uploads the recording to Amazon's Alexa Cloud.  Amazon states that the device can detect a user speaking the wake word from across the room.  In fact, Alexa can detect a user speaking in another room behind a closed door.

---

[3] For purposes of this litigation, "Alexa Devices" does not include Echo Dot Kids Edition.

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 3

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

15.     While Amazon represents that Alexa only records voices and communications once it is activated by its wake word, that is not true. Alexa is constantly listening to voices and conversations and sometimes records these conversations even without prompting by a wake word and the persons in the household have no way of knowing that Alexa is recording them.

16.     The cloud transcribes Alexa's voice recordings into text and translates the text into an "intent" which is a standardized machine-compatible translation of the text. The cloud relays the intent back to the software on Echo and the device acts on the intent through the Alexa software or on an app; acting on the intent is referred to as a "skill." Alexa also stores voices and communications in local memory on the Echo device itself before those voices and communications are sent to the cloud. This often happens when there is no Wi-Fi connectivity at the time of the recording.

17.     To use the Alexa app, a person must have a registered Amazon Alexa account and set-up the device which entails pairing the device with the app. After the device is paired with the app, it is ready to be used by anyone – not just the person who purchased the device and has a registered Amazon Alexa account. Alexa also recognizes the voices of others in a household or other building with an Alexa Device who have their own Alexa devices in their own households or other buildings. In other words, any single Alexa device, regardless of location, can recognize the voice of an Alexa user. And any single Alexa device can be used by people who do not have their own Alexa device.

## C.    Amazon's Permanent Storage, Analysis, and Use of Alexa Recordings

18.     Rather than delete a recording after Alexa acts on it as one would naturally expect Alexa would do, Amazon saves a permanent recording of the user's voice and communication

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 4

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

with Alexa and all other voices and communications it also hears in the background on its own servers.   Amazon personnel review some of these individual conversations and Amazon then uses the recordings for its own commercial purposes.  Upon information and belief, Amazon also shares these recordings with other entities and also purchases/acquires other entities' data to integrate with its own data to enable Amazon to personally identify as many voices as possible that its Alexa devices record.

19.    Amazon obtains and stores as many Alexa recordings as it can to analyze consumer behavior.  There is no reason Amazon has to permanently store or review Alexa recordings.  Alexa Devices could process audio interactions locally on the device and send only a digital query, rather than a voice recording, to Amazon's servers.  Or, Amazon could upload audio recordings to short-term memory in the cloud and immediately overwrite those recordings after processing, much like Alexa constantly overwrites the audio it captures prior to a user saying a wake word.

20.    Other similar devices record communications but do not store them permanently. For example, Apple's "Siri" smart speaker program records communications and sends them to Apple servers, but then Apple deletes the recordings after a short time.

21.    Because Alexa devices respond to any individual who says the wake word (or another word mistaken by Alexa for the wake word), the devices record communications with individuals who did not purchase the device or install the Alexa App and are not registered Alexa account holders.

22.    Alexa could be programmed to determine whether the person speaking is a registered Alexa account holder who has agreed to be recorded and inform anyone else

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 5

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

communicating with it that Amazon is creating and storing a permanent recording of the person and request that the person consent to the recording. If the person did not consent, Alexa could deactivate its recording of any communication with the person.  Although Alexa could be programmed to do these things, in fact, Amazon does not warn unregistered persons that it is creating and storing permanent recordings of their voices and communications and does not attempt to obtain their consent to do so.  Accordingly, these unregistered persons never consent to the recording, storage, review, or use of their voices and communications.

23.    Amazon's permanent storage of the voices and communications recorded by Alexa creates a very serious and unnecessary risk that these voices and communications could be obtained and used by a hacker.  Alexa Devices can and do also record and store information about when someone unlocks a house door, opens a garage door, turns on lights, etc. This information could be analyzed to determine the history/patterns of persons – e.g., when they leave for or come home from work each day - and thereby unnecessarily enhance their exposure to various criminal activity.

24.    While Amazon claims it uses the voices and recordings from its devices to improve the functionality of the devices, it does not need to record and permanently store every single voice and communication it records for this purpose.  And even if it does, it could and should immediately delete the voices and recordings after it has listened to them for that purpose. There is no reason for Amazon to retain these recordings permanently.

**D.    Deletion of Alexa Recording Transcripts**

25.    Amazon registered account holders can review, listen to, and delete voice recordings associated with their account using the Voice History feature available in the Alexa

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 6

app and the Alexa Privacy Hub at www.amazon.com/alexaprivacy. When an account holder deletes a voice recording, Amazon deletes the transcripts associated with both the account holder's request and Alexa's response. Amazon does not, however, delete everything regarding that interaction with Alexa. Amazon has even stated that it retains what it assumes account holders would want or expect to be retained.

26.     For example, Amazon does not store the audio of Alexa's response, but retains other records of an account holder's Alexa interactions, including records of actions Alexa took in response to the account holder's request. Moreover, when Alexa account holders interact with an Alexa skill, the developer of the skill may also retain records of the interaction.

27.     While Alexa account holders can delete Alexa recordings of their voice and communications, persons recorded by an Alexa device who are not registered Alexa account holders - like the class members in this case - cannot delete the recordings.

**E.     Alexa's Nonconsensual Recording of Plaintiffs**

28.     Plaintiff Speer is an adult citizen of the State of New Mexico.

29.     Plaintiff Hudson is an adult citizen of the State of Iowa.

30.     Plaintiffs do not own, and have never owned, any Alexa-supported devices.

31.     Plaintiffs have, on various occasions, been in the vicinity of Alexa-supported devices (for example, while visiting the home of a friend or family member with such a device). On those occasions, the devices recorded Plaintiffs' voices and communications and permanently stored those recordings on Amazon servers. Amazon may have also analyzed some or all of those recordings.

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 7

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

32.     Plaintiffs were unaware that when the device was activated with a wake word it recorded their voices and permanently stored them and the ensuing private communications.

33.     Plaintiffs never consented to the recording, storage, review/analysis, or use of their voice and communications.

## V.     CLASS ACTION ALLEGATIONS

34.     Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3), (c)(4), and/or (c)(5) individually and on behalf of the following class of similarly situated individuals:

> All individuals who resided or worked in, or visited or otherwise occupied, households or businesses with Alexa Devices in the United States whose voices and communications were recorded by such Devices and who were not Alexa registered account holders.

The reference to "Alexa Devices" in this definition excludes Amazon's Echo Dot Kids Edition.

35.     **Class Period:**  The class period extends back four years from the date this action is filed.

36.     **Exclusions from the Class:**  Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Amazon, Amazon's subsidiaries, parents, successors, predecessors, and any entity in which Amazon or its parents have a controlling interest and their current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Amazon's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37.     **Numerosity:**  The exact number of Members of the Class is unknown and unavailable to Plaintiffs at this time, but individual joinder in this case is impracticable. The

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 8

Class likely consist of thousands of individuals and their Members can be identified through Amazon's records.

38.     **Predominant Common Questions:** The Class Members' claims present common questions of law and fact, and those questions predominate over any questions that may affect individual Class Members. Common questions for the Class include, but are not limited to, the following:

a.     Whether Alexa Devices 1) make recordings of the voices of the persons who interact with them, 2) store recordings of voices and communications; or (3) transmit recordings of voices and communications to others or for the use by others.

b.     Whether Alexa Devices make recordings of the content of communications of persons who interact with them.

c.     Whether Alexa Devices make recordings, store, and/or transmit the voices and communications of persons who do not interact with them but whose voices and communications are nonetheless audible in the background while another is interacting with the Devices.

d.     Whether Amazon permanently or semi-permanently stores the recordings it makes of the voices and communications of persons who interact with Alexa devices or are otherwise recorded by Alexa devices.

e.     Whether Amazon analyzes the recordings it makes of the voices and communications of persons who interact with or are otherwise recorded by Alexa Devices and uses these for its own commercial purposes.

f.     Whether persons who use Alexa Devices in households have an objectively reasonable expectation of confidentiality.

g.     Whether persons in a household with an Alexa Device who do not use the Device nonetheless have an objectively reasonable expectation of confidentiality in their voices and communications.

h.     Whether Amazon fails to obtain consent to record, store, and/or transmit voices or communications of persons using or otherwise recorded by Alexa Devices who are not registered users of the Devices.

i.     Whether Alexa Devices warn non-registrants in households or businesses with the Devices that their voices and communications are recorded and permanently or semi-permanently stored, transmitted, and/or analyzed

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 9

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

and used by Amazon or others with whom Amazon allows to access the voices and communications.

j. Whether Alexa Devices record voices and communications even when they have not been activated by a wake word.

k. Whether it is necessary for Amazon to permanently or semi-permanently record voices and communications in order for the Devices to function to answer the registered users' questions or follow the users' instructions.

l. Whether Alexa Devices could be programmed to determine whether the person speaking is a registered account holder who has agreed to be recorded and inform anyone else communicating with it that Amazon is creating and storing a permanent recording of the person and request that the person consent to the recording.

m. Whether Alexa Devices could deactivate their recording of any communications with persons who are not registered Alexa account holders.

n. Whether Alexa Devices record the voices and communications of persons who participate in telephone calls placed with Alexa.

o. Whether Alexa Devices permanently store text messages they are instructed to send.

p. Whether persons who are not registered Alexa account holders are given access to the accounts of Alexa registrants to determine what voice and communications have been recorded and/or stored.

q. Whether persons who are not registered Alexa account holders can delete Alexa's recording of their voices and communications.

r. Whether Alexa's recording and permanent storage of the voices and communications of Members of the Class violated the Washington Wiretap Statute, WA Rev. Code § 9.73.030.

s. Whether Alexa's recordings, storage, and/or transmission of the voices and communications of Members of the Class invaded the common law privacy rights of these Members.

t. Whether Amazon was unjustly enriched by its violations of the Washington Wiretap Statute, WA Rev. Code § 9.73.030, and invasion of the common law privacy rights of the Members of the Class.

u. Whether Amazon follows or complies with industry standards, customs, or best practices recording, storing, and/or transmitting voices and communications.

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 10

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

39.     **Typicality:** Plaintiffs' claims are typical of the claims of the other Members of the Class. Plaintiffs and the Class Members all suffered invasions of privacy as a result of Amazon's uniform wrongful conduct.

40.     **Adequate Representation:** Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class, and Plaintiffs have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those members of the Class, and Amazon has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Members of the Class, and they have the resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other Members of the Class.

41.     **Substantial Benefits:** This class action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient adjudication of this controversy and joinder of all Members of the Class is impracticable.  This proposed class action presents fewer management difficulties than individual litigation, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Class treatment will create economies of time, effort, and expense and promote uniform decision-making.

42.     Plaintiffs reserve the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 11

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

## VI.     FIRST CAUSE OF ACTION

**Violation of the Washington Wiretap Statute**
**WA Rev. Code § 9.73.030**
**(On Behalf of Plaintiffs and the Class)**

43.     Under Washington law, it is unlawful for any person or corporation to "intercept or record… any [p]rivate conversation, by any device electronic or otherwise… without first obtaining the consent of all the persons engaged in the conversation."  RCW § 9.73..

44.     A person who violates the Washington wiretap statute is liable for actual damages, including mental pain and suffering, or liquidated damages computed at the rate of one hundred dollars a day, not to exceed one thousand dollars, and attorneys' fees.  RCS § 9.73.60.

45.     The voices and communications of Plaintiffs and Class Members were private conversations intercepted and recorded by Alexa, a device designed to record and/or transmit, and/or permanently stored and analyzed for use by Amazon. , without the consent of all parties to the private conversation

46.     Plaintiffs and the Class members did not suspect that Amazon would intercept, create, store, analyze, and use permanent or semi-permanent recordings of their voices and communications recorded by Alexa Devices.

47.     At no time did Plaintiffs and the Class Members ever provide Amazon with consent to record, store, analyze, or use their voices and communications that Amazon recorded and Amazon never sought or obtained such consent or otherwise attempted to satisfy the consent requirement with a recording that itself was recorded.

48.     By creating permanent or semi-permanent recordings of Plaintiffs' and the Class Members' voices and Alexa communications, Amazon intercepted and/or recorded their private

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

conversations without first obtaining their consent, in violation of the Washington wiretap statute. As a direct and proximate cause of Amazon's violation of the statute, Plaintiffs and the Class Members have suffered injury and are entitled to declaratory and injunctive relief and an award of damages as set forth below.

## VII.    SECOND CAUSE OF ACTION

### Unjust Enrichment
### (On Behalf of Plaintiffs and the Class)

49.    Plaintiffs incorporate and reallege by reference the foregoing allegations as if fully set forth herein.

50.    Amazon wrongfully and unlawfully recorded, stored, analyzed, and used the voices and communications of Plaintiffs and the Members of the Class as described above.

51.    Upon information and belief, Amazon has realized many millions of dollars in revenue from its wrongful conduct.

52.    Plaintiffs and the Class Members conferred a measurable benefit on Amazon.

53.    Amazon has been unjustly enriched by accepting this unlawful benefit and knew or should have known that its conduct described above was unlawful warranting a disgorgement of Amazon's profits to be awarded to Plaintiffs and the Class Members.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs James Speer and Carla Hudson, on behalf of themselves and the proposed Class Members, respectfully request that the Court:

1.    Certify this case as a class action on behalf of the Class defined above, appointing Plaintiffs representatives of the Class, and appointing their counsel as class counsel for the Class;

2.    Declare that Amazon's conduct, as set out above, violates the Washington wiretap statute (RCW § 9.73.030), the common law privacy rights of Plaintiffs and the

Class Members, and that Amazon was unjustly enriched by its unlawful and unfair conduct;

3. Order Amazon to completely delete all recordings of the Class Members and prevent further recording of the Class Members' voices and communications without their prior express consent;

4. Award to Plaintiffs and each of the Class Members liquidated damages of $100 per day up to $1,000 under RCW § 9.73.060 as well as all other available nominal, statutory, and compensatory damages in a total amount to be determined at trial;

5. Award punitive damages to Plaintiffs and the Class Members in a total amount to be determined at trial;

6. Disgorge and award to Plaintiffs and the Class Members the profits Amazon realized from its unlawful conduct described above;

7. Award Plaintiffs and the Class Members their reasonable litigation expenses and attorneys' fees;

8. Award Plaintiffs and the Class Members pre- and post-judgment interest, as allowed by law;

9. Award such other further injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Class Members; and

10. Award such other and further relief as the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

Dated this 16th day of July, 2021.

BORDE LAW PLLC
By: s/ Manish Borde
MANISH BORDE, WSBA #39503
600 Stewart St., 400
Seattle, WA 98101
Telephone: (206) 905-6129
E-mail: mborde@bordelaw.com


LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: s/ Robert K. Shelquist
ROBERT K. SHELQUIST (pro hac vice to be filed)

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 14

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

REBECCA A. PETERSON (pro hac vice to be filed)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rkshelquist@locklaw.com
rapeterson@locklaw.com


SHINDLER, ANDERSON, GOPLERUD
& WEESE, P.C.
J. Barton Goplerud (pro hac vice to be filed)
Brian O. Marty (pro hac vice to be filed)
Brandon M. Bohlman (pro hac vice to be filed)
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone: (515) 223-4567
Fax: (515) 223-8887
Email: goplerud@sagwlaw.com
        marty@sagwlaw.com
        bohlman@sagwlaw.com


CUNEO GILBERT & LADUCA, LLP
Charles J. LaDuca (pro hac vice to be filed)
Brendan Thompson (pro hac vice to be filed)
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
Email: charlesl@cuneolaw.com
        brendant@cuneolaw.com


**ATTORNEYS FOR PLAINTIFFS**

COMPLAINT – CLASS ACTION
DEMAND FOR JURY TRIAL - 15

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129